IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD CHRISTIAN,                :
                                  :
        Plaintiff,                :
                                  :
vs.                               :    CIVIL ACTION 04-0467-BH-M
                                  :
VALERIE HOWELL, et al.,           :
                                  :
        Defendants.               :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this § 1983
action and sought leave to proceed *in forma pauperis* by filing a
Motion to Proceed Without Prepayment of Fees.  He alleges that,
while in prison, he was improperly removed from Loxley Work
Release.  This action was referred to the undersigned pursuant 28
U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1), and is now
before the Court for Plaintiff's failure to prosecute and to obey
the Court's Order.

On August 6, 2007, Plaintiff was ordered to file this
Court's forms for a motion to proceed without prepayment of fees
by April 8, 2004 (Doc. 3).  Upon review of Plaintiff's Amended
Motion to Proceed Without Prepayment of Fees (Doc. 5), the Court
found that Plaintiff was required to pay a partial filing fee of
$8.21 (Doc. 6).  Plaintiff paid the partial filing fee on
September 22, 2004 (Doc. 7), and the Clerk was directed to serve
the Defendants (Doc. 9).  On November 29, 2004, Defendants filed

their Answer On June 26, 2006 (Doc. 14) and Special Report (Doc. 15).

On June 26, 2006, the Court ordered Plaintiff to inform the Court by July 14, 2006, if he wanted to proceed with the prosecution of this action (Doc. 37). Plaintiff responded to the Court's Order on July 7, 2006 (Doc. 40), advising the Court that he wanted to continue the litigation of this action. Because Plaintiff was no longer incarcerated, the Court ordered Plaintiff to pay the remainder of the $150.00 filing fee by August 10, 2006 (Doc. 41). If Plaintiff was unable to pay the filing fee in a lump-sum, he could file a new motion to proceed without prepayment of fees reflecting the change in his financial situation so the Court could establish an appropriate payment schedule for the payment of the remainder of the $150.00 filing fee. Plaintiff filed on July 24, 2006, a Motion to Proceed Without Prepayment of Fees pursuant to the Court's Order entered on July 24, 2006 (Doc. 42).

Based on the information provided in Plaintiff's motion, the Court ordered Plaintiff to pay the $150.00 filing fee in equal installments of $20.00 to the Clerk of Court commencing on January 16, 2007 (Doc. 43). Plaintiff was advised that this action would not proceed until the $150.00 filing fee was paid (Doc. 41). As of this date, Plaintiff has not made any $20.00 payment. Plaintiff was warned in the Order that his failure to

make a timely payment would result in the dismissal of this action for failure to prosecute and to obey the Court's Order (Doc. 43).   Two months have passed without payment or otherwise hearing from Plaintiff.

Due to Plaintiff's failure to comply with the Court's Order of December 15, 2007 (Doc. 43), and to prosecute this action by making a $20.00 payment on or before January 16, 2007 and on or before February 16, 2007, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding

3

that the court's inherent power to manage actions before it

permitted the imposition of fines), *cert. denied*, 510 U.S. 863,

114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

> MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
> AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
> <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a <u>de novo</u> determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d
736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404
(5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.  The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed <u>de</u>
> <u>novo</u> and a different disposition made.  It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 23rd day of February, 2006.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE